CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED
10/22/2026
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| FRANK WESLEY WADE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Nos. 5:26-cv-00067 & 5:26-cv-00074 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| AUSTIN MALICELY & | ) | |
| AUSTIN ARMENTROUT, | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Frank Wesley Wade, proceeding *pro se*, filed nine separate actions against various parties allegedly involved in his arrest and prosecution for aggravated malicious wounding in Rockingham County, Virginia. Pertinent here, Wade brought separate actions against two alleged prosecutors: Austin Malicely ("Malicely")[1] and Austin Armentrout ("Armentrout"). (See ECF No. 1 ("Malicely Compl.") [Case No. 5:26-cv-00067]; ECF No. 1 ("Armentrout Compl.") [Case No. 5:26-cv-00074].) Wade seeks relief under 42 U.S.C. § 1983, alleging that each Defendant violated his constitutional rights during his criminal prosecution in the Circuit Court of Rockingham County.[2]

[1] There is no mention in Wade's other filings of an Austin Malicely. The court conducted a brief internet search, which yielded no results for an individual with that name at the Commonwealth's Attorney's Office in Rockingham County. It is possible that Wade misstated the name of one of the state prosecutors involved in his case while crafting and filing his complaints. In any event, because the court is construing Wade's allegations as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), it will assume that Malicely and Armentrout prosecuted the case against him.

[2] Because Cases 5:26-cv-00067 and 5:26-cv-00074 arise from the same facts and involve a common question of law or fact, the court considers them both in this joint Memorandum Opinion.

The actions against Malicely and Armentrout are before the court on Wade's motions for leave to proceed *in forma pauperis*. Because the court finds that Wade's applications satisfy the necessary standard, the court will grant his motions. But after undertaking its independent duty to screen initial filings under 28 U.S.C. § 1915(e), the court will dismiss Wade's claims against Malicely and Armentrout in their entirety.

## I. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

The facts are recited as Wade alleges them in his complaints, and, at this stage, the court accepts the allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Wade's claims against Malicely and Armentrout stem from his state prosecution on a charge of aggravated malicious wounding. (*See* Armentrout Compl. ¶ 2; Malicely Compl. ¶ 2.) Specifically, Wade avers that a woman named Jessica Hammer—whose relation to Wade is unknown—asked Wade to hold some money for her but later accused him of stealing the money. (Armentrout Compl. Attach. 1.) The aggravated malicious wounding charge arose from an altercation between Wade and Ms. Hammer's friend at Wade's residence.[3] (Malicely Compl. ¶ 2.) Wade contends that Malicely and Armentrout withheld exculpatory evidence from his defense attorney, including several recordings that purportedly demonstrate that Ms. Hammer stated that she willingly gave the money to Wade. (Armentrout Compl. Attach. 1.) He also contends that he was "wrongfully targeted," presumably by Malicely and Armentrout.

[3] Wade alleges that the incident at his residence took place on January 31, 2026, but in the materials he attaches to the complaints, he states that the incident took place on January 31, 2025. To clarify the inconsistency, the court takes judicial notice of the official records of the Rockingham County Circuit Court, which list the offense date as January 31, 2025. *See* Online Case Information System 2.0, Virginia Judiciary (2026), *available at* https://eapps.courts.state.va.us/ocis/landing.

(Armentrout Compl. ¶ 2.) Wade was acquitted following a trial on March 31, 2026. (Armentrout Compl. ¶ 4; Malicely Compl. ¶ 4.)

Wade now brings two nearly identical claims against Malicely and Armentrout under 42 U.S.C. § 1983:[4] intentional suppression of exculpatory evidence and malicious prosecution "under the Fourth and Fourteenth Amendments." (Malicely Compl. § III; Armentrout Compl. § III.) After filing his complaints against Malicely and Armentrout, Wade filed separate motions for leave to proceed *in forma pauperis* in each case, which are ripe for disposition. (*See* ECF No. 2 [Case No. 5:26-cv-00067]; ECF No. 2 [Case No. 5:26-cv-00074].)

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the court has a duty to screen initial filings. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). When screening, the court should liberally construe the filings of *pro se* litigants and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even a *pro se* plaintiff must still state a plausible claim for relief, *see Ashcroft*, 556 U.S. at 679, and the court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), or "seeks monetary relief against a defendant who is immune from such relief," *id.* § 1915(e)(2)(B)(iii).

[4] Wade also devotes considerable time in his complaint against Malicely detailing the alleged wrongdoing of Craig Foster, an apparent jailhouse informant who was supposed to testify (but never did) against Wade in his state trial. (*See* Malicely Compl. Attach. 1.) Because Foster's significance to Wade's claims against Malicely is unspecified, because he is not listed as a defendant, and because Wade's allegations against him are not only vague, but somewhat indecipherable, the court will not address those issues.

## III. DISCUSSION

Because the court finds that Wade's applications to proceed *in forma pauperis* satisfy the necessary standard, *see* 28 U.S.C. § 1915(a), the court will grant his motions. As indicated above, however, the court is required to screen each case in which a plaintiff proceeds *in forma pauperis*. For the following reasons, the court concludes that Wade's claims against Malicely and Armentrout must be dismissed under § 1915(e)(2)(B)(iii).

Wade alleges that Malicely and Armentrout prosecuted the case against him in the Circuit Court of Rockingham County. "It is well settled that prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process' are absolutely immune from civil suit." *Safar v. Tingle*, 859 F.3d 241, 248 (4th Cir. 2017) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "When a prosecutor is functioning as an advocate for the State, it is clear that his or her actions are 'intimately associated with the judicial phase of the criminal process' and thus protected by absolute immunity." *Savage v. Maryland*, 896 F.3d 260, 268 (4th Cir. 2018) (citing *Imbler*, 424 U.S. at 430–31). By contrast, prosecutors are *not* entitled to absolute immunity when they are "engaged in other tasks, [such as] investigative or administrative tasks." *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009).

To determine whether an act is so "'intimately' associated with the judicial phase that it warrants absolute immunity," courts look to the "nature of the function performed"—that is, whether the prosecutor is performing a function "tied to the judicial phase of the process." *Annappareddy v. Pascale*, 996 F.3d 120, 139 (4th Cir. 2021) (citing *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018)). The Fourth Circuit, in *Nero v. Mosby*, outlined key distinctions between prosecutors' advocacy and investigative or administrative functions:

> A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, *Buckley [v. Fitzsimmons*, 509 U.S. [259,] 273 [(1993)], decides to seek an arrest warrant, *Kalina [v. Fletcher]*, 522 U.S. [118,] 130 [(1997)], prepares and files charging documents, *id.*, participates in a probable cause hearing, *Burns [v. Reed]*, 500 U.S. [478], 492 [(1991)], and presents evidence at trial, *Imbler*, 424 U.S. at 431. In contrast, a prosecutor does not act as an advocate, but rather in an investigative or administrative capacity, when she gives legal advice to police during an investigation, *Burns*, 500 U.S. at 493, investigates a case before a probable cause determination, *Buckley*, 509 U.S. at 274, and personally attests to the truth of averments in a statement of probable cause, *Kalina*, 522 U.S. at 129[.]

890 F.3d at 118 (cleaned up). In other words, actions that a prosecutor takes in preparation for trial and the presentation of evidence at trial or before a grand jury (after the decision to seek an indictment is made) are advocative functions. *Buckley*, 509 U.S. at 273.

Malicely and Armentrout are entitled to absolute immunity for Wade's claims stemming from the alleged failure to disclose exculpatory evidence. "It is well established . . . that the failure to disclose exculpatory evidence while a criminal proceeding is pending is an 'advocative' function protected by absolute immunity." *Annappareddy*, 996 F.3d at 141. The Supreme Court has explained that the withholding of exculpatory evidence, "even if unconstitutional, is considered part of the prosecutorial role for immunity purposes." *Id.* (citing *Imbler*, 424 U.S. at 431 n.34). "As a result, [the Fourth Circuit] and other circuits routinely hold that prosecutors are shielded by absolute immunity from claims that they deliberately withheld materially exculpatory evidence at any point in a criminal proceeding." *Id.*

Here, Wade alleges that Malicely and Armentrout "intentionally and maliciously withheld key exculpatory evidence from the defense"—presumably during the trial-

preparation phrase. (*See* Malicely Compl. ¶ 3; Armentrout Compl. ¶ 4.) These alleged actions mirror those that the Fourth Circuit and the Supreme Court have classified as advocative functions. *See, e.g.*, *Annappareddy*, 996 F.3d at 141; *Imbler*, 424 U.S. at 431 n.34. Accordingly, they are protected by absolute immunity.

Absolute immunity also shields Malicely and Armentrout from Wade's claims of malicious prosecution. Wade contends that the prosecutors "maintained a fraudulent criminal action against [him] despite an absolute lack of probable cause." (Armentrout Compl. § III.) Although Wade's allegations as to malicious prosecution are sparse beyond that statement, he appears to takes issue with the defendants' "decision to prosecute [him] and [their] role in preparing the charging documents." *Nero*, 890 F.3d at 119. As noted above, a prosecutor's evaluation of evidence, decision to pursue charges, and preparation and filing of charging documents are all advocative functions. *Id.* at 118. Therefore, Wade's claims that Malicely and Armentrout in some way acted maliciously in deciding to charge and prosecute him are "barred by settled Supreme Court and circuit precedent." *See id.* at 119 (citing *Kalina*, 522 U.S. at 130, and *Springmen v. Williams*, 122 F.3d 211, 212 (4th Cir. 1997)); *see also id.* (emphasizing that a prosecutor's decision to pursue charges is "absolutely immune regardless of its motivation").

Accordingly, Wade's claims against Malicely and Armentrout will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii) (requiring dismissal where the complaint "seeks monetary relief against a defendant who is immune from such relief").

## IV. CONCLUSION

For the reasons discussed above, the court will grant Wade's applications to proceed *in forma pauperis*, but it will dismiss his complaints against Malicely and Armentrout.

The Clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Wade.

**ENTERED** this 22nd day of October, 2026.

HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE